
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE


NOV 1 9 2012
TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES MICHAEL DILL | CIVIL ACTION NO.: 11-0490 |
| VERSUS | JUDGE DOHERTY |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before this Court is a Motion for Summary Judgement Pursuant to Rule 56 [Doc. 37], filed on behalf of JAMES MICHAEL DILL.

By way of his motion, JAMES MICHAEL DILL (hereafter "Mr. Dill") seeks summary judgment to "dispose" of: (1) "the issue of liability"; and (2) the "underinsured motorist status of Michael Shane Ardoin in the captioned litigation and the underinsured motor vehicle status of the 2008 Ford pick up truck." [Docs. 37, 37-2, pp. 1 and 12]. Defendant, State Farm Mutual Automobile Insurance Company (hereafter "State Farm"), has not opposed the motion, and therefore this motion is deemed unopposed.

I.  **PROCEDURAL BACKGROUND**

Plaintiff, Mr. Dill, filed this lawsuit against State Farm for damages, attorneys' fees, and interest in the 19th Judicial District Court for the Parish of East Baton Rouge. [Doc. 1-2]. State Farm then filed a Notice of Removal, removing this lawsuit to the U.S. District Court for the Middle District of Louisiana. [Doc. 1]. Once in the Middle District of Louisiana, State Farm filed a Motion to Transfer Venue to the Western District of Louisiana, which was granted and the case transferred to this Court. [Doc. 9].

## II. LAW

Neither party disputes the applicability of Louisiana state law to the issues of fault and injury, and relevant insurance policies.

## III. FACTUAL BACKGROUND

It is undisputed Michael Shane Ardoin's (hereafter "Mr. Ardoin") 2008 Ford pick up truck collided with Mr. Dill's 2006 GMC pick up truck on Ambassador Caffery Parkway on November 30, 2009 at 4:30 p.m. [Doc. 37-1, p. 1]. It is undisputed State Farm insured both Messrs. Dill and Ardoin. [Doc. 37-1, p.1]. Mr. Dill filed a claim for damages as a result of the accident with State Farm. [Doc. 37-1, p.1]. Mr. Dill settled a claim against Mr. Ardoin's policy for $10,000.00. [Doc. 37-5, p. 2]. Mr. Ardoin, at the time of the accident had no other insurance policy other than the State Farm policy Mr. Dill settled against. [Doc. 37-7, p. 13]. It is undisputed Mr. Dill is seeking additional payment pursuant to his insurance policy. [Docs. 37-2, p. 2; 37-4 pp. 2-3; 37-8, p. 3]. Presently, this Motion for Summary Judgement addresses several legal issues where Mr. Dill asserts there are no genuine issues of material fact as to "liability" and the "underinsured/uninsured" status of both Mr. Ardoin and his 2008 Ford pick up.

## IV. ANALYSIS

### 1. "LIABILITY"

Mr. Dill asks this Court to find, and "dispose of the issue of liability" in the motor vehicle accident that underlies this lawsuit. [Doc. 37]. In so doing, Mr. Dill appears to conflate the issue of "liability," or fault, of Michael Shane Ardoin in causing the accident with causation of the entire panoply of damages alleged by Mr. Dill, i.e., all of the damage for which Mr. Dill is now seeking relief. [Docs. 37, p.1; 37-1, p. 1]. It is without question the issue of causation as to the degree and

2

nature of injury sustained and thus the damages owed is disputed. Thus, the question of causation is not appropriate for summary judgment. However, the separate and distinguishable question of "fault" in causing the motor vehicle accident, is not in dispute and thus, is appropriate for summary judgment. Consequently, this Court will address Mr. Dill's Motion for Summary Judgment only with the narrow view of Mr. Ardoin's fault in causing the motor vehicle accident. It appears to be undisputed Mr. Ardoin's 2008 Ford pick up truck struck Mr. Dill's 2006 GMC pick up truck from behind. [Doc. 37, p. 1]. To support Mr. Dill's assertion, Mr. Dill submits the deposition testimony of both himself and Mr. Ardoin. [Docs. 37-6, pp.2-4; 37-7, p. 3-4]. State Farm submits no evidence to dispute the submitted testimony. Additionally, in support of his motion, Mr. Dill argues that State Farm paid him $10,000.00 for loss resulting from the accident from Mr. Ardoin's policy, at the available policy limits. [Doc. 37-5, p.2]. It is not without note that Mr. Ardoin's insurer settled Mr. Dill's claim against it, however, often settlements are entered for reasons other than admitted fault. Consequently, without knowing the substantive basis of the settlement, this Court cannot automatically assume proof of fault, or certainly sole fault as Mr. Dill seems to argue. However, Mr. Dill has, nonetheless, presented sufficient evidence to establish fault on the part of Mr. Ardoin, and State Farm, on behalf of Mr. Ardoin, has presented no argument or evidence to dispute this contention, or to suggest fault on the part of Mr. Dill, or a third party. In fact, the motion submitted by Mr. Dill is wholly unopposed. Consequently, this Court GRANTS that aspect of Plaintiff's motion finding Mr. Ardoin to be solely at fault for causing the motor vehicle accident of November 30, 2009, involving Mr. Dill.[1]

---

[1] Whether the accident caused in whole or in part the full injuries sustained and all damages claimed by Mr. Dill, and for which Mr. Dill is seeking relief remains an issue before this Court.

3

2. **UNDERINSURED STATUS**

Mr. Dill, also, asks this Court to make the legal finding that Mr. Ardoin was an "underinsured motorist" as defined by Mr. Dill's insurance policy, and that Mr. Ardoin's 2008 Ford pick up truck was an "underinsured motor vehicle" as defined by Mr. Dill's policy, at the time of the accident. [Doc. 37]. Mr. Dill submits the definition of "Uninsured Motor Vehicle" pursuant to the relevant insurance policy. [Doc. 37-8, p. 15]. The policy defines "Uninsured Motor Vehicle" as:

*Uninsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance or use, of which is:

   ...

   b. insured or bonded for bodily injury liability at the time of the accident but

   ...

   (3) the total limits of coverage for bodily injury liability from all sources:

   (a) are less than the amount of damages the *insured* is legally entitled to collect for *bodily injury*...

[Doc. 37-8, p. 15]. State Farm tendered Mr. Dill $10,000 against Mr. Ardoin's policy pursuant Mr. Ardoin's policy limits. [Docs. 37-2, pp. 2, 11-12; 37-1, p.1]. Mr. Dill alleges in his state court petition that he incurred $143,383.29 in medical expenses as a result of the accident. [Doc. 37-4, p. 2]. Mr. Dill, also, argues State Farm tendered $196,000 to him after an evaluation of his claim for damages, and thus, argues there is no dispute that his damages exceed the $10,000.00 paid by Mr. Ardoin's insurance. [Doc. 37-2, p. 12]. Again, the actual amount of damages due Mr. Dill as a result of injuries sustained in the motor vehicle accident remains in dispute. However, Mr. Dill has presented sufficient evidence establishing that his damages, whatever they might be, substantially

exceed the $10,000.00 paid under Mr. Ardoin's insurance policy. State Farm presents no argument or evidence to the contrary, rather, the motion is unopposed. Thus, this Court finds Mr. Ardoin's 2008 Ford pick up meets the policy definition of an "Uninsured Motor Vehicle."[2]

V. CONCLUSION

In light of the foregoing, the Motion for Summary Judgment Pursuant to Rule 56 [Doc. 37], this Court finds, movant, Mr. Dill has met his burden as to: fault, injury, and the underinsured motor vehicle status of Mr. Ardoin's 2008 Ford pick up at the time of the motor vehicle accident. Thus, the motion appearing to be well grounded in law and fact, is GRANTED in the following particulars, this Court: (1) finds Mr. Ardoin to be solely at fault for causing the motor vehicle accident of November 30, 2009, involving Mr. Dill; (2) finds James Michael Dill sustained injury as a result thereof, supporting damages in excess of $10,000.00, (any remaining damages remaining in dispute); and (3) finds Mr. Ardoin's 2008 Ford pick up meets the policy definition of an "Uninsured Motor Vehicle."

THUS DONE AND SIGNED in Lafayette, Louisiana, this __16__ day of November, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Dill, also, seeks to have this Court find Mr. Ardoin was an "uninsured/underinsured" motorist, however, in his Memorandum in Support of Motion for Summary Judgment, Mr. Dill only offers facts and policy language in support of finding Mr. Ardoin's 2008 Ford pick up truck's status under State Farm's policy definition of "Uninsured Motor Vehicle" as opposed to facts and policy language supporting a finding as to the status of Mr. Ardoin individually, as the "uninsured/underinsured" motorist. [Doc. 37-2, pp.10-12]. However, it would seem this is a distinction without a difference. Nonetheless, this Court has found only that Mr. Ardoin's 2008 Ford pick up truck meets the criteria of an "Uninsured Motor Vehicle" for the purposes of this litigation, and should Mr. Ardoin be the insured as to that vehicle, the argument made would seem to flow from the Court's finding.