RECEIVED
FEB 2 2 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES MICHAEL DILL | CIVIL ACTION NO.: 11-0490 |
| VERSUS | JUDGE DOHERTY |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before this Court is a Motion for Summary Judgement [Doc. 55], filed on behalf of JAMES MICHAEL DILL, plaintiff.

By way of his motion, JAMES MICHAEL DILL (hereafter "Mr. Dill") seeks summary judgment finding STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereafter "State Farm"), defendant, violated Louisiana Revised Statutes sections 22:1892 and 22:1973 as there is no genuine issue of material fact that State Farm "failed to properly respond to the second and continuing proof of loss as it was required to do under its contract of insurance with plaintiff and Louisiana law," and as a matter of law Mr. Dill is entitled to relief.

I.   PROCEDURAL BACKGROUND

Plaintiff, Mr. Dill, filed this lawsuit against State Farm for damages, attorneys' fees, and interest in the 19th Judicial District Court for the Parish of East Baton Rouge. [Doc. 1-2] State Farm then filed a Notice of Removal, removing this lawsuit to the U.S. District Court for the Middle District of Louisiana. [Doc. 1] Once in the Middle District of Louisiana, State Farm filed a Motion to Transfer Venue to the Western District of Louisiana, which was granted and the case transferred

to this Court. [Doc. 9]. Thereafter, Plaintiff filed a Motion for Summary Judgement [Doc. 37] which this Court granted by Memorandum Ruling and Order finding: Michael Shane Ardoin was at fault in causing the motor vehicle accident, Mr. Ardoin's vehicle meets the policy definition of an "Uninsured Motor Vehicle," and Mr. Dill sustained injury thereof; however, no ruling was made on causation as it relates to Mr. Dill's medical injuries. [Docs. 53 and 54]

## II.   LAW

Neither party disputes the applicability of La. Rev.Stat. Ann. §§ 22:1892 and 22:1973 as to claims of bad faith, and as to application of Louisiana law to the interpretation of the relevant insurance policies and all other issues.

## III.   STANDARD

Summary judgment is a procedural vehicle under Federal Rule of Civil Procedure 56 where, "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. Proc. 56(a).

## IV.   ANALYSIS

In his motion, Plaintiff, Mr. Dill, requests this Court find State Farm violated La. Rev.Stat. Ann. §§ 22:1892 and 22:1973 by "fail[ing] to properly respond to the second and continuing proof of loss as it was required to do under its contract of insurance with plaintiff and Louisiana law." [Doc. 55-3, p. 3] The specific proof of loss at issue in the instant motion, the second proof of loss

2

by Mr. Dill, was submitted by Mr. Dill to State Farm by correspondence dated January 17, 2011.[1] [Doc. 55-5] In response, State Farm, by correspondence dated February 16, 2012, disputed Mr. Dill's proof of loss and refused to tender an additional amount, specifically stating disputes over causation existed, and thus, "it appears clear that Mr. Dill has already been more than sufficiently compensated for any injuries sustained as a result of this accident" and that "no additional UM tender is owed to Mr. Dill." [Doc. 59-3] Based on this exchange, Mr. Dill argues there is no dispute as to any material fact as to the *second* proof of loss[2] and as to State Farm's response, which Mr. Dill argues, violated La. Rev.Stat. Ann. §§ 22:1892 and 22:1973. After reviewing the entirety of the record, this Court does not agree with Mr. Dill's conclusion, and, also, notes this Court is unclear as to the exact nature and scope of Mr. Dill's argument.

Factually, one must recall there are two proofs of loss and two responses by State Farm to those two proofs of loss. On March 12, 2010, Mr. Dill filed his first proof of loss; in response, on July 21, 2010 State Farm made an unconditional tender of $196,000.00. Thereafter, suit was originally filed in the 19th Judicial District Court on November 18, 2010. Over a year later, on January 18, 2012, Mr. Dill filed his *second* proof of loss to which State Farm responded by denial

---

[1] According to plaintiff's "Memorandum in Support of Motion for Summary Judgment" the letter dated January 17, 2011, should have been dated January 17, 2012. [Rec. Doc. 55-3, p.3]

[2] In Mr. Dill's "Petition for Damages" [Rec. Doc. 1-2], Mr. Dill only alleges "bad faith" on the basis of his March 12, 2010 proof of loss, *i.e.*, the *first* proof of loss, and State Farm's subsequent unconditional tender on July 21, 2010. [Rec. Doc. 1-2, p. 9] This Court can find no record of an amendment to the pleadings that alleges bad faith for State Farm's response to Mr. Dill's *second* proof of loss submission, notwithstanding Mr. Dill's argument as to the *second* proof of loss contained in his motion. This Court does not, at this juncture, however, address whether the claims argued in the Motion for Summary judgment are properly pled or whether, under Louisiana law, the claims made could or should be considered as an ongoing violation of the applicable law, as those questions are not before the Court at this time, and this Court's ruling is not dependent upon such a determination.

3

of an additional tender in correspondence dated February 16, 2012. Mr. Dill's *petition* references only the *first* proof of loss and tender by State Farm; Mr. Dill's *motion* argues the *second* proof of loss and State Farm's response.

It is unclear to this Court whether Mr. Dill argues the *second* proof of loss as evidence to bolster allegations found in his pleadings that State Farm's original tender as to his first proof of loss was so low as to have been in bad faith; or whether Mr. Dill now argues the *second* proof of loss and State Farm's response thereto, constitute a separate violation, and, thus, argues two separate instances of State Farm having acted in bad faith–first as to the *first* proof of loss, and second as to the *second* proof of loss. Again, this Court notes, that a review of the pleadings reveals only allegations as to the *first* proof of loss and State Farm's response thereto, and not the *second*. Consequently, for these purposes only, this Court will assume Mr. Dill argues the *second* proof of loss, submitted to State Farm in January of 2012, and State Farm's response thereto is evidence of the allegation of bad faith, found within his petition, as to the *first* proof of loss submitted to State Farm and its subsequent, argued, insufficient tender. Notwithstanding the correctness of this Court's assumption, it is apparent there exist genuine disputes of material fact as to, *inter alia*, whether the *first* or *second* proofs of loss meet the applicable standard under the applicable law, whether State Farm's conduct as to either the first *or* second proof of loss rises to the level of bad faith given the disputes as to Mr. Dill's medical condition and the factual disputes surrounding medical causation, which under either assumption, would render summary judgment inappropriate at this time. Therefore, Mr. Dill's Motion for Summary Judgement is DENIED for failure to carry his burden to show he is due the requested relief, as there exist genuine issues of material fact as to the nature and reasonableness of State Farm's conduct given the factual disputes surrounding Mr. Dill's medical

condition and medical causation.

## V. CONCLUSION

In light of the foregoing, the Motion for Summary Judgment [Doc. 55], this Court finds, movant, Mr. Dill has not met his burden. There exists a dispute as to material facts that precludes summary judgment at this time. Therefore, the Motion for Summary Judgment is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this  22  day of February, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE